UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TIMMON T. HARDIN,

        Plaintiff,

v.

ERIC COTTRELL et al.,

        Defendants.

_____/

Case No. 1:22-cv-144

Honorable Ray Kent

**OPINION**

This is a civil rights action brought by a county detainee under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding

tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim for the relief he seeks. The Court will also deny Plaintiff's motion to appoint counsel, (ECF No. 5), and grant Plaintiff's motion to proceed *in forma pauperis* (ECF No. 6).

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated at the Kent County Correctional Facility in Grand Rapids, Kent County, Michigan. Plaintiff is housed at the facility awaiting trial on a charge of domestic violence 3rd offense, in violation of Mich. Comp. Laws § 750.814. Kent Cnty. Cir. Ct. Register of Actions, available at https://www.accesskent.com/CourtNameSearch/ (search "First Name"

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Timmon, "Last Name" Hardin, select "Case Number" 21-08793-FH, last visited Mar. 24, 2022). The prosecutor has provided notice to Plaintiff that he will be subject to a sentence enhancement as a fourth habitual offender under Mich. Comp. Laws § 769.12. *Id*. The Court held a status conference on February 24, 2022, and a plea hearing is scheduled for March 22, 2022. *Id*.

The trial court set bond for Plaintiff on September 29, 2021. *Id*. Plaintiff reports that he cannot be released on bond, however, because he is also subject to a detainer relating to the violation of the terms of his parole. Plaintiff sues Parole Officer Eric Cottrell and Michigan State Parole Violation Specialist Unknown Party #1 because Plaintiff claims those Defendants have denied him due process in connection with the parole violation proceedings. He claims that they have kept him "in custody for more than five months with a parole detainer." (ECF No. 1, PageID.2.)

According to Plaintiff, he was arrested on August 29, 2021, for an alleged parole violation and a detainer was placed on him because of the domestic violence charge. (*Id.*) he claims that Defendant Cottrell "never explained to [him] the circumstances involving any parole violations and [in] fact he said I'm waiving your preliminary hearing, from a phone call [Plaintiff] made to him." (*Id.*) Plaintiff contends that Defendant Cottrell "never explained to [him] anything about the waiver to a preliminary determination of probable cause as to the violations of conditions of [his] parole." (*Id.*, PageID.3.) He avers that Defendant Cottrell has not visited him and that he has neither received a copy of the parole violations nor signed any documents in relation to such alleged violations. (*Id.*)

Plaintiff avers that he is entitled to a parole revocation hearing to determine "not only whether [he] violated the conditions of his release, but also whether circumstances in mitigation suggest that the violation does not warrant revocation." (*Id.*)

The Kent County Correctional Facility inmate lookup describes Plaintiff's status as "in custody." *See* https://www.accesskent.com/InmateLookup/showDetail.do?bookNo=2109027 (visited Mar. 24, 2022). The Michigan Department of Correction (MDOC)'s Offender Tracking Information System describes Plaintiff's status as "Parolee—held under custody." *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=316040 (visited Mar. 24, 2022). Plaintiff has not yet served the maximum sentence on the paroled offense, nor has he reached his supervision discharge date. *Id.*

Plaintiff asks the Court "to subpoena [his] parole officer Eric Cottrell and the Michigan State Parole Violation Specialist [as well as] any [Michigan Department of Corrections (MDOC)] officials or any MDOC staff who play[] a party in keeping [him] illegally detained." (*Id.*, PageID.4.) He avers that he was paroled from MDOC custody on December 1, 2020, and that his parole was set to be discharged on December 1, 2022. (*Id.*) Plaintiff claims that Defendant Cottrell is keeping the parole detainer on him to keep him from "bonding out of jail." (*Id.*) He asserts that the parole detainer "is keeping him subject to a death sentence, due to the continuous[] spread of [] COVID-19 in [the] Kent County Correctional Facility." (*Id.*, PageID.5.) Plaintiff indicates that the only relief he seeks is "discharge . . . off of[] parole." (*Id.*, PageID.4.)

## II.     Motion to Proceed *In Forma Pauperis*

Plaintiff has sought leave to proceed *in forma pauperis* in compliance with 28 U.S.C. § 1915(a). (ECF No. 6.) The Court grants his motion. The Court must nevertheless require payment of the entire filing fee in installments, in accordance with 28 U.S.C. § 1915(b)(1). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled in other part by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997). The civil action filing fee is $350.00 when leave to proceed *in forma pauperis* is granted. Any subsequent

5

dismissal of Plaintiff's case, even if voluntary, does not negate Plaintiff's responsibility to pay the fee. *McGore*, 114 F.3d at 607.

Normally, a plaintiff must pay a portion of the $350.00 fee as an initial partial filing fee. The initial partial filing fee is 20 percent of the greater of (a) the average monthly deposits to the prisoner's account; or (b) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Plaintiff's affidavit indicates that he has no assets. Therefore, the Court will not require Plaintiff to pay an initial partial filing fee. *McGore*, 114 F.3d at 606 (citing 28 U.S.C. § 1915(b)(1)).

However, Plaintiff is not relieved from paying the $350.00 filing fee when funds become available. *McGore*, 114 F.3d at 606. Plaintiff must pay the $350.00 filing fee through monthly payments of 20 percent of the preceding month's income credited to Plaintiff's prison trust fund account. *See* 28 U.S.C. § 1915(b)(2). These payments will be forwarded by the agency having custody of Plaintiff to the Clerk of this Court each time the amount in Plaintiff's trust account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2); *McGore*, 114 F.3d at 607; *Hampton*, 106 F.3d at 1284. If the amount in Plaintiff's account is $10.00 or less, no payment is required for that month. *See Hampton*, 106 F.3d at 1284-85.

### III. Motion to Appoint Counsel

Plaintiff has requested a court-appointed attorney. (ECF No. 5.) Indigent parties in civil cases have no constitutional right to a court-appointed attorney. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604–05 (6th Cir. 1993). The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604–05; *see Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances. In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel. *See Lavado*, 992 F.2d at 606. The Court has carefully considered these factors and determines that, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position. Plaintiff's request for appointment of counsel (ECF No. 5) will, therefore, be denied.

### IV.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies

to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff seeks one form of relief: discharge from parole. Parole is a form of custody within the meaning of the habeas corpus statute. *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). Thus, Plaintiff's action seeks release from custody. That relief is available only upon habeas corpus review.[2]

"The Supreme Court has held that release from confinement—the remedy petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973)). The Supreme Court has concluded that actions that lie "within the core of habeas corpus" are an "implicit exception from § 1983's otherwise broad scope." *Wilkinson*, 544 U.S. at 79 (internal quote marks omitted).

A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*,

---

[2] Because the only remedy Plaintiff seeks is release, his case is distinguishable from *Wilkinson v. Dotson*, 544 U.S. 74 (2005). In *Wilkinson*, the Supreme Court determined that an attack on unconstitutional parole procedures that sought injunctive and declaratory relief compelling proper parole procedures—as opposed to release—was permissible under 42 U.S.C. § 1983.

411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Plaintiff's complaint necessarily challenges the fact or duration of his incarceration in that he seeks release because his parole detainer, and therefore his custody, is illegal; therefore, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)); *see also Thompson v. Missouri Bd. of Parole*, 929 F.2d 396, 398 (8th Cir. 1991) ("[H]abeas corpus is the proper vehicle for challenging a state detainer."); *Grant v. Hogan*, 505 F.2d 1220, 1223 (3d Cir. 1974) ("[H]abeas corpus is a proper vehicle for challenging a detainer on the ground that prosecution on the underlying charge would be unconstitutional.").

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint is appropriately dismissed for failure to state a claim for the relief he seeks, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's motion to appoint counsel (ECF No. 5) will be denied. His motion to proceed *in forma pauperis* (ECF No. 6) will be granted.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's complaint is properly dismissed, the

Court declines to conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith.

An order and judgment consistent with this opinion will be entered.


Dated: April 7, 2022                              /s/ Ray Kent
                                                  Ray Kent
                                                  United States Magistrate Judge